**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

MICHELLE VON WALD and
LINO CARRERAS,

      Plaintiffs,

vs.

CITY OF MIAMI, FLORIDA,
CARLOS DECESPEDES, individually,
and GREGORY MALLETT, individually,

      Defendants.

_____/

## COMPLAINT

1.    This is a civil action seeking money damages in excess of $15,000, exclusive of costs, interest, and attorney's fees, against CITY OF MIAMI, FLORIDA, CARLOS DECESPEDES, individually, and GREGORY MALLETT, individually.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth Amendment and Fourteenth Amendment of the United States Constitution, and the laws of the State of Florida. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. PLAINTIFFS further invoke the supplemental jurisdiction of the United States District Court for the Southern District of Florida under 28 U.S.C. § 1367(a) to hear pendent State tort claims arising under State law, pursuant to U.S.C. § 1367(a).

3.    PLAINTIFFS presented their claims in writing to DEFENDANT CITY by means of a notice of claim letter in full satisfaction of Florida Statute § 768.28 within three (3)

years of the accrual of the causes of action.

4.     DEFENDANT CITY never made final disposition of the written claims of PLAINTIFF within six (6) months of their presentation.

## PARTIES

5.     PLAINTIFF MICHELLE VON WALD (hereinafter PLAINTIFF VON WALD) is a resident of Miami-Dade County, Florida and is subject to the jurisdiction of this Court.

6.     PLAINTIFF LINO CARRERAS (hereinafter PLAINTIFF CARRERAS) is a resident of Miami-Dade County, Florida and is subject to the jurisdiction of this Court.

7.     DEFENDANT CITY OF MIAMI, FLORIDA (hereinafter DEFENDANT CITY) is a municipal corporation located in Miami-Dade County, Florida. In this cause, DEFENDANT CITY acted through its agents, employees, and servants, including DEFENDANT DECESPEDES and DEFENDANT MALLETT.

8.     At all times material, DEFENDANT CARLOS DECESPEDES (hereinafter DEFENDANT DECESPEDES) was acting under color of law as a police officer for the City of Miami, and in such capacity, as an agent, servant, and employee of DEFENDANT CITY.

9.     At all times material, DEFENDANT GREGORY MALLETT (hereinafter DEFENDANT MALLETT) was acting under color of law as a police officer for the City of Miami, and in such capacity, as an agent, servant, and employee of DEFENDANT CITY.

## FACTS

10.     On or about August 13, 2015, PLAINTIFFS flagged down DEFENDANT DECESPEDES regarding a mistaken parking infraction that they had received at or near 1800 NW 24th Avenue, Miami, Florida 33125.

11.     When PLAINTIFF CARRERAS verbally expressed his displeasure regarding

DEFENDANT DECESPEDES' unwillingness to assist, DEFENDANT DECESPEDES arrested him.

12.     Particularly disturbing was DEFENDANT DECESPEDES pointing the red beams from a taser at PLAINTIFF CARRERAS for an extended period of time while family members, including children, frantically feared for his safety.

13.     Even taking DEFENDANT DECESPEDES' factual allegations as entirely accurate, PLAINTIFF CARRERAS was arrested based solely on the use of non-threatening words.

14.     PLAINTIFF VON WALD, who remained unimaginably calm even as they were arresting her son, PLAINTIFF CARRERAS, for no legal reason, was stunningly arrested as well.

15.     DEFENDANT DECESPEDES and DEFENDANT MALLETT arrested PLAINTIFF CARRERAS and charged PLAINTIFF CARRERAS in the police report with disorderly conduct and resisting without violence, and took him to a Miami-Dade facility for processing.

16.     DEFENDANT DECESPEDES and DEFENDANT MALLETT arrested PLAINTIFF VON WALD and charged PLAINTIFF VON WALD in the police report with battery on a law enforcement officer, and took her to a Miami-Dade facility for processing.

17.     PLAINTIFF CARRERAS was kept confined in custody overnight, and released the next day pursuant to a posted bond, on August 14, 2015.

18.     PLAINTIFF VON WALD was kept confined in custody overnight, and released the next day pursuant to a posted bond, on August 14, 2015.

19.     The office of Katherine Fernandez Rundle, the State Attorney in and for the Eleventh Judicial Circuit in Miami-Dade County, Florida, downfiled PLAINTIFF VON

WALD's charge of felony battery on a law enforcement officer to a misdemeanor battery on September 11, 2015 and subsequently entered a "nolle prosequi" in PLAINTIFF VON WALD's misdemeanor criminal case on November 3, 2015, thereby dismissing charges of any kind arising from her aforementioned arrest.

20.    The office of Katherine Fernandez Rundle, the State Attorney in and for the Eleventh Judicial Circuit in Miami-Dade County, Florida, entered a "nolle prosequi" in PLAINTIFF CARRERAS' criminal case on November 30, 2015, thereby dismissing charges of any kind arising from his aforementioned arrest.

## CAUSES OF ACTION

## COUNT 1

## UNREASONABLE SEIZURE OR FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF VON WALD AGAINST DEFENDANT DECESPEDES, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against DEFENDANT DECESPEDES, individually, in Count 1, PLAINTIFF VON WALD states:

21.    PLAINTIFF VON WALD realleges and adopts, as if fully set forth in Count 1, the allegations of paragraphs 1 through 20.

22.    DEFENDANT DECESPEDES directly or proximately caused PLAINTIFF VON WALD's arrest in the absence of probable cause that PLAINTIFF VON WALD committed any criminal offense.

23.    The conduct of DEFENDANT DECESPEDES toward PLAINTIFF VON WALD, as set forth herein, was objectively unreasonable, and in violation of PLAINTIFF VON WALD's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from unreasonable search and seizure, and to be free from arrest and

imprisonment in the absence of probable cause.

24.   As a direct and proximate cause of the acts described above, PLAINTIFF VON WALD suffered great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

25.   As a further direct and proximate result of DEFENDANT DECESPEDES' actions as set forth herein, PLAINTIFF VON WALD suffered loss of her liberty and freedom, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF VON WALD's losses are either permanent or continuing and PLAINTIFF VON WALD will suffer the losses in the future, in violation of PLAINTIFF VON WALD's civil rights. PLAINTIFF VON WALD has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, PLAINITFF VON WALD prays:

a)   Judgment for compensatory damages in excess of $15,000;

b)   Judgment for exemplary damages;

c)   Cost of suit;

d)   Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

e)   Trial by jury as to all issues so triable; and

f)   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2

## UNREASONABLE SEIZURE OR FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF VON WALD AGAINST DEFENDANT MALLETT, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against DEFENDANT MALLETT, individually, in Count 2, PLAINTIFF VON WALD states:

26.    PLAINTIFF VON WALD realleges and adopts, as if fully set forth in Count 2, the allegations of paragraphs 1 through 20.

27.    DEFENDANT MALLETT directly or proximately caused PLAINTIFF VON WALD's arrest in the absence of probable cause that PLAINTIFF VON WALD committed any criminal offense.

28.    The conduct of DEFENDANT MALLETT toward PLAINTIFF VON WALD, as set forth herein, was objectively unreasonable, and in violation of PLAINTIFF VON WALD's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from unreasonable search and seizure, and to be free from arrest and imprisonment in the absence of probable cause.

29.    As a direct and proximate cause of the acts described above, PLAINTIFF VON WALD suffered great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

30.    As a further direct and proximate result of DEFENDANT MALLETT's actions as set forth herein, PLAINTIFF VON WALD suffered loss of her liberty and freedom, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF VON WALD's losses are either permanent or continuing and PLAINTIFF VON WALD will suffer the losses in the future, in violation of PLAINTIFF VON WALD's civil rights. PLAINTIFF VON WALD has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, PLAINITFF VON WALD prays:

a)    Judgment for compensatory damages in excess of $15,000;

b)    Judgment for exemplary damages;

c)      Cost of suit;

d)      Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

e)      Trial by jury as to all issues so triable; and

f)      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 3

## FIRST AMENDMENT RETALIATION CLAIM BY PLAINTIFF VON WALD AGAINST DEFENDANT DECESPEDES, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against DEFENDANT DECESPEDES, in Count 3, PLAINTIFF VON WALD states:

31.     PLAINTIFF VON WALD realleges and adopts, as if fully set forth in Count 3, the allegations of paragraphs 1 through 20.

32.     DEFENDANT DECESPEDES' arrest of PLAINTIFF VON WALD was in retaliation for PLAINTIFF VON WALD's statements to DEFENDANT DECESPEDES and her action of recording a public official discharging his public duties, as protected by the First Amendment to the United States Constitution, and in the absence of probable cause that PLAINTIFF VON WALD committed any criminal offense.

33.     The arrest of PLAINTIFF VON WALD by DEFENDANT DECESPEDES would likely deter a person of ordinary firmness from the exercise of First Amendment rights. The conduct of DEFENDANT DECESPEDES toward PLAINTIFF VON WALD constitutes unlawful retaliation in violation of PLAINTIFF VON WALD's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

34.     As a direct and proximate cause of the acts described above, in violation of 42 U.S.C. § 1983, PLAINTIFF VON WALD has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, damaged reputation, including business

reputation/goodwill.

35.   As a further direct and proximate result of the conduct of DEFENDANT

DECESPEDES, PLAINTIFF VON WALD suffered loss of her liberty and freedom, mental

anguish, loss of income, attorney expenses, costs of bond, and loss of capacity for the enjoyment

of life. The losses are either permanent or continuing and PLAINTIFF VON WALD will suffer

the losses in the future, in violation of PLAINTIFF VON WALD's civil rights. PLAINTIFF

VON WALD has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, PLAINITFF VON WALD prays:

a)   Judgment for compensatory damages in excess of $15,000;

b)   Judgement for exemplary damages;

c)   Cost of suit;

d)   Reasonable attorneys fees, pursuant to 42 U.S.C. § 1988;

e)   Trial by jury as to all issues so triable; and

f)   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 4

### FIRST AMENDMENT RETALIATION CLAIM BY PLAINTIFF VON WALD AGAINST DEFENDANT MALLETT, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against DEFENDANT MALLETT, in Count 4, PLAINTIFF VON

WALD states:

36.   PLAINTIFF VON WALD realleges and adopts, as if fully set forth in Count 4,

the allegations of paragraphs 1 through 20.

37.   DEFENDANT MALLETT's arrest of PLAINTIFF VON WALD was in

retaliation for PLAINTIFF VON WALD's statements to DEFENDANT MALLETT and her

action of recording a public official discharging his public duties, as protected by the First Amendment to the United States Constitution, and in the absence of probable cause that PLAINTIFF VON WALD committed any criminal offense.

38.   The arrest of PLAINTIFF VON WALD by DEFENDANT MALLETT would likely deter a person of ordinary firmness from the exercise of First Amendment rights. The conduct of DEFENDANT MALLETT toward PLAINTIFF VON WALD constitutes unlawful retaliation in violation of PLAINTIFF VON WALD's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

39.   As a direct and proximate cause of the acts described above, in violation of 42 U.S.C. § 1983, PLAINTIFF VON WALD has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, damaged reputation, including business reputation/goodwill.

40.   As a further direct and proximate result of the conduct of DEFENDANT MALLETT, PLAINTIFF VON WALD suffered loss of her liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and PLAINTIFF VON WALD will suffer the losses in the future, in violation of PLAINTIFF VON WALD's civil rights. PLAINTIFF VON WALD has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, PLAINITFF VON WALD prays:

a)   Judgment for compensatory damages in excess of $15,000;

b)   Judgement for exemplary damages;

c)   Cost of suit;

d)   Reasonable attorneys fees, pursuant to 42 U.S.C. § 1988;

e)      Trial by jury as to all issues so triable; and

f)      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 5

### FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF VON WALD AGAINST DEFENDANT DECESPEDES

For her cause of action against DEFENDANT DECESPEDES, in Count 5, PLAINTIFF VON WALD states:

41.     PLAINTIFF VON WALD realleges and adopts, as if fully set forth in Count 5, the allegations of paragraphs 1 through 20.

42.     DEFENDANT DECESPEDES, by direct act or indirect procurement, personally participated in or proximately caused PLAINTIFF VON WALD's false arrest and/or false imprisonment.

43.     The actions of DEFENDANT DECESPEDES were taken in the absence of probable cause that PLAINTIFF VON WALD committed any criminal offense, and constitute false arrest and/or imprisonment under Florida law.

44.     As a result of the false arrest and false imprisonment, PLAINTIFF VON WALD has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation, and has suffered other damages, including but not limited to loss of earnings, loss of ability to earn future wages, loss of capacity for enjoyment of life, and loss of liberty.

45.     PLAINTIFF VON WALD's losses are either permanent or continuing in nature, and PLAINTIFF VON WALD will suffer the losses in the future.

WHEREFORE, PLAINITFF VON WALD prays:

a)      Judgment for compensatory damages in excess of $15,000;

b)    Cost of suit;

c)    Trial by jury as to all issues so triable; and

d)    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 6

## FALSE ARREST/FALSE IMPRISONMENT CLAIM OF PLAINTIFF VON WALD AGAINST DEFENDANT MALLETT

For her cause of action against DEFENDANT MALLETT, in Count 6, PLAINTIFF VON WALD states:

46.    PLAINTIFF VON WALD realleges and adopts, as if fully set forth in Count 6 the allegations of paragraphs 1 through 20.

47.    DEFENDANT MALLETT, by direct act or indirect procurement, personally participated in or proximately caused PLAINTIFF VON WALD's false arrest and/or false imprisonment.

48.    The actions of DEFENDANT MALLETT were taken in the absence of probable cause that PLAINTIFF VON WALD committed any criminal offense, and constitute false arrest and/or imprisonment under Florida law.

49.    As a result of the false arrest and false imprisonment, PLAINTIFF VON WALD has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation, and has suffered other damages, including but not limited to loss of earnings, loss of ability to earn future wages, loss of capacity for enjoyment of life, and loss of liberty.

50.    PLAINTIFF VON WALD's losses are either permanent or continuing in nature, and PLAINTIFF VON WALD will suffer the losses in the future.

WHEREFORE, PLAINITFF VON WALD prays:

a)    Judgment for compensatory damages in excess of $15,000;

b)    Cost of suit;

c)    Trial by jury as to all issues so triable; and

d)    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 7

## MALICIOUS PROSECUTION CLAIM BY PLAINTIFF VON WALD AGAINST DEFENDANT DECESPEDES, INDIVIDUALLY

For her cause of action against DEFENDANT DECESPEDES, individually, in Count 7, PLAINTIFF VON WALD states:

51.    PLAINTIFF VON WALD realleges and adopts, as if fully set forth in Count 7, the allegations of paragraphs 1 through 20.

52.    No reasonably cautious police officer in the position of DEFENDANT DECESPEDES would have believed PLAINTIFF VON WALD was guilty-in-fact of any criminal offense.

53.    DEFENDANT DECESPEDES, individually, directly or proximately caused criminal proceedings to be instituted or continued against PLAINTIFF VON WALD with malice and in the absence of probable cause that PLAINTIFF VON WALD committed any criminal offense by causing police reports to be submitted to prosecuting authorities containing materially false statements and material omissions.

54.    The conduct of DEFENDANT DECESPEDES, individually, was reckless and without regard to whether the institution of continuation of criminal proceedings against PLAINTIFF VON WALD were justified.

55.    At all times material hereto, DEFENDANT DECESPEDES knew that his sworn police reports would be submitted to prosecuting authorities, and would be relied upon by

prosecuting authorities for the institution and continuation of criminal proceedings against PLAINTIFF VON WALD.

56.    The criminal proceedings instituted or continued by DEFENDANT DECESPEDES reached a bona fide resolution in the favor of PLAINTIFF VON WALD.

57.    As a direct and proximate result of the acts described above, PLAINTIFF VON WALD has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

58.    As a further direct and proximate result of the conduct of DEFENDANT DECESPEDES, individually, PLAINTIFF VON WALD suffered loss of her liberty and freedom, loss of income, attorney expenses, cost of defense, and loss of capacity for the enjoyment of life. PLAINTIFF VON WALD's losses are either permanent or continuing and PLAINTIFF VON WALD will suffer the losses in the future, in violation of PLAINTIFF VON WALD's rights.

WHEREFORE, PLAINITFF VON WALD prays:

a)    Judgment for compensatory damages in excess of $15,000;

b)    Judgment for exemplary damages;

c)    Cost of suit;

d)    Trial by jury as to all issues so triable; and

e)    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 8

## MALICIOUS PROSECUTION CLAIM BY PLAINTIFF VON WALD AGAINST DEFENDANT MALLETT, INDIVIDUALLY

For her cause of action against DEFENDANT MALLETT, individually, in Count 8, PLAINTIFF VON WALD states:

59.   PLAINTIFF VON WALD realleges and adopts, as if fully set forth in Count 8, the allegations of paragraphs 1 through 20.

60.   No reasonably cautious police officer in the position of DEFENDANT MALLETT would have believed PLAINTIFF VON WALD was guilty-in-fact of any criminal offense.

61.   DEFENDANT MALLETT, individually, directly or proximately caused criminal proceedings to be instituted or continued against PLAINTIFF VON WALD with malice and in the absence of probable cause that PLAINTIFF VON WALD committed any criminal offense by causing police reports to be submitted to prosecuting authorities containing materially false statements and material omissions.

62.   The conduct of DEFENDANT MALLETT, individually, was reckless and without regard to whether the institution of continuation of criminal proceedings against PLAINTIFF VON WALD were justified.

63.   At all times material hereto, DEFENDANT MALLETT knew that his sworn police reports would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal proceedings against PLAINTIFF VON WALD.

64.   The criminal proceedings instituted or continued by DEFENDANT MALLETT reached a bona fide resolution in the favor of PLAINTIFF VON WALD.

65.   As a direct and proximate result of the acts described above, PLAINTIFF VON WALD has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

66.   As a further direct and proximate result of the conduct of DEFENDANT

MALLETT, individually, PLAINTIFF VON WALD suffered loss of her liberty and freedom, loss of income, attorney expenses, cost of defense, and loss of capacity for the enjoyment of life. PLAINTIFF VON WALD's losses are either permanent or continuing and PLAINTIFF VON WALD will suffer the losses in the future, in violation of PLAINTIFF VON WALD's rights.

WHEREFORE, PLAINITFF VON WALD prays:

a)   Judgment for compensatory damages in excess of $15,000;

b)   Judgment for exemplary damages;

c)   Cost of suit;

d)   Trial by jury as to all issues so triable; and

e)   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 9

### FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF VON WALD AGAINST DEFENDANT CITY, PLED IN THE ALTERNATIVE TO COUNT 1

For her cause of action against DEFENDANT CITY in Count 9, PLAINTIFF VON WALD states:

67.   PLAINTIFF VON WALD realleges and adopts, as if fully set forth in Count 9, the allegations of paragraphs 1 through 20.

68.   DEFENDANT DECESPEDES proximately caused PLAINTIFF VON WALD's arrest in the absence of probable cause that PLAINTIFF VON WALD committed any criminal offense.

69.   The actions of DEFENDANT DECESPEDES, in causing the arrest of PLAINTIFF VON WALD in the absence of probable cause, were taken in the absence of lawful authority. The actions of DEFENDANT DECESPEDES constitute false arrest/false imprisonment of PLAINTIFF VON WALD under Florida law.

70.     The false arrest/false imprisonment of PLAINTIFF VON WALD was committed by DEFENDANT DECESPEDES in the course and scope of his employment as a police officer for DEFENDANT CITY.

71.     As a direct and proximate result PLAINTIFF VON WALD has further suffered expenses of traveling to court, and loss of her freedom and civil rights, suffered loss of her liberty and freedom, mental anguish, loss of income, costs of bond, and loss of capacity for the enjoyment of life. She suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of her physical and mental condition and suffered a damaged reputation.

WHEREFORE, PLAINITFF VON WALD prays:

    a)    Judgment for compensatory damages in excess of $15,000;

    b)    Cost of suit;

    c)    Trial by jury as to all issues so triable; and

    d)    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 10

## FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF VON WALD AGAINST DEFENDANT CITY, PLED IN THE ALTERNATIVE TO COUNT 2

For her cause of action against DEFENDANT CITY, in Count 10, PLAINTIFF VON WALD states:

72.     PLAINTIFF VON WALD realleges and adopts, as if fully set forth in Count 10, the allegations of paragraphs 1 through 20.

73.     DEFENDANT MALLETT proximately caused PLAINTIFF VON WALD's arrest in the absence of probable cause that PLAINTIFF VON WALD committed any criminal offense.

74.    The actions of DEFENDANT MALLETT, in causing the arrest of PLAINTIFF VON WALD in the absence of probable cause, were taken in the absence of lawful authority. The actions of DEFENDANT MALLETT constitute false arrest/false imprisonment of PLAINTIFF VON WALD under Florida law.

75.    The false arrest/false imprisonment of PLAINTIFF VON WALD was committed by DEFENDANT MALLETT in the course and scope of his employment as a police officer for DEFENDANT CITY.

76.    As a direct and proximate result PLAINTIFF VON WALD has further suffered expenses of traveling to court, and loss of her freedom and civil rights, suffered loss of her liberty and freedom, mental anguish, loss of income, costs of bond, and loss of capacity for the enjoyment of life. She suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of her physical and mental condition and suffered a damaged reputation.

WHEREFORE, PLAINITFF VON WALD prays:

a)    Judgment for compensatory damages in excess of $15,000;

b)    Cost of suit;

c)    Trial by jury as to all issues so triable; and

d)    Such other relief as this Honorable Court may deem just and appropriate.

### COUNT 11

### UNREASONABLE SEIZURE OR FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF CARRERAS AGAINST DEFENDANT DECESPEDES, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT DECESPEDES, individually, in Count 11, PLAINTIFF CARRERAS states:

77.     PLAINTIFF CARRERAS realleges and adopts, as if fully set forth in Count 11, the allegations of paragraphs 1 through 20.

78.     DEFENDANT DECESPEDES directly or proximately caused PLAINTIFF CARRERAS' arrest in the absence of probable cause that PLAINTIFF CARRERAS committed any criminal offense.

79.     The conduct of DEFENDANT DECESPEDES toward PLAINTIFF CARRERAS, as set forth herein, was objectively unreasonable, and in violation of PLAINTIFF CARRERAS' clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from unreasonable search and seizure, and to be free from arrest and imprisonment in the absence of probable cause.

80.     As a direct and proximate cause of the acts described above, PLAINTIFF CARRERAS suffered great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

81.     As a further direct and proximate result of DEFENDANT DECESPEDES' actions as set forth herein, PLAINTIFF CARRERAS suffered loss of his liberty and freedom, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF CARRERAS' losses are either permanent or continuing and PLAINTIFF CARRERAS will suffer the losses in the future, in violation of PLAINTIFF CARRERAS' civil rights. PLAINTIFF CARRERAS has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, PLAINITFF CARRERAS prays:

a)     Judgment for compensatory damages in excess of $15,000;

b)     Judgment for exemplary damages;

c)      Cost of suit;

d)      Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

e)      Trial by jury as to all issues so triable; and

f)      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 12

### UNREASONABLE SEIZURE OR FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF CARRERAS AGAINST DEFENDANT MALLETT, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT MALLETT, individually, in Count 12,

PLAINTIFF CARRERAS states:

82.    PLAINTIFF CARRERAS realleges and adopts, as if fully set forth in Count 12,

the allegations of paragraphs 1 through 20.

83.    DEFENDANT MALLETT directly or proximately caused PLAINTIFF

CARRERAS' arrest in the absence of probable cause that PLAINTIFF CARRERAS committed

any criminal offense.

84.    The conduct of DEFENDANT MALLETT toward PLAINTIFF CARRERAS,

as set forth herein, was objectively unreasonable, and in violation of PLAINTIFF CARRERAS'

clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to

be free from unreasonable search and seizure, and to be free from arrest and imprisonment in the

absence of probable cause.

85.    As a direct and proximate cause of the acts described above, PLAINTIFF

CARRERAS suffered great humiliation, mental suffering, and damaged reputation, including

business reputation/goodwill.

86.    As a further direct and proximate result of DEFENDANT MALLETT's actions

as set forth herein, PLAINTIFF CARRERAS suffered loss of his liberty and freedom, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF CARRERAS' losses are either permanent or continuing and PLAINTIFF CARRERAS will suffer the losses in the future, in violation of PLAINTIFF CARRERAS' civil rights. PLAINTIFF CARRERAS has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, PLAINITFF CARRERAS prays:

a)   Judgment for compensatory damages in excess of $15,000;

b)   Judgment for exemplary damages;

c)   Cost of suit;

d)   Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

e)   Trial by jury as to all issues so triable; and

f)   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 13

## FIRST AMENDMENT RETALIATION CLAIM BY PLAINTIFF CARRERAS AGAINST DEFENDANT DECESPEDES, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT DECESPEDES, in Count 13, PLAINTIFF CARRERAS states:

87.   PLAINTIFF CARRERAS realleges and adopts, as if fully set forth in Count 13, the allegations of paragraphs 1 through 20.

88.   DEFENDANT DECESPEDES' arrest of PLAINTIFF CARRERAS was in retaliation for PLAINTIFF CARRERAS' statements to DEFENDANT DECESPEDES, as protected by the First Amendment to the United States Constitution, and in the absence of probable cause that PLAINTIFF CARRERAS committed any criminal offense.

89.   The arrest of PLAINTIFF CARRERAS by DEFENDANT DECESPEDES would likely deter a person of ordinary firmness from the exercise of First Amendment rights. The conduct of DEFENDANT DECESPEDES toward PLAINTIFF CARRERAS constitutes unlawful retaliation in violation of PLAINTIFF CARRERAS' clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

90.   As a direct and proximate cause of the acts described above, in violation of 42 U.S.C. § 1983, PLAINTIFF CARRERAS has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, damaged reputation, including business reputation/goodwill.

91.   As a further direct and proximate result of the conduct of DEFENDANT DECESPEDES, PLAINTIFF CARRERAS suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and PLAINTIFF CARRERAS will suffer the losses in the future, in violation of PLAINTIFF CARRERAS' civil rights. PLAINTIFF CARRERAS has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, PLAINITFF CARRERAS prays:

a)   Judgment for compensatory damages in excess of $15,000;

b)   Judgement for exemplary damages;

c)   Cost of suit;

d)   Reasonable attorneys fees, pursuant to 42 U.S.C. § 1988;

e)   Trial by jury as to all issues so triable; and

f)   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 14

### FIRST AMENDMENT RETALIATION CLAIM BY PLAINTIFF CARRERAS AGAINST DEFENDANT MALLETT, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT MALLETT, in Count 14, PLAINTIFF

CARRERAS states:

92.    PLAINTIFF CARRERAS realleges and adopts, as if fully set forth in Count 14,

the allegations of paragraphs 1 through 20.

93.    DEFENDANT MALLETT's arrest of PLAINTIFF CARRERAS was in

retaliation for PLAINTIFF CARRERAS' statements to DEFENDANT MALLETT and his

action of recording a public official discharging his public duties, as protected by the First

Amendment to the United States Constitution, and in the absence of probable cause that

PLAINTIFF CARRERAS committed any criminal offense.

94.    The arrest of PLAINTIFF CARRERAS by DEFENDANT MALLETT would

likely deter a person of ordinary firmness from the exercise of First Amendment rights. The

conduct of DEFENDANT MALLETT toward PLAINTIFF CARRERAS constitutes unlawful

retaliation in violation of PLAINTIFF CARRERAS' clearly established rights under the First

and Fourteenth Amendments, and 42 U.S.C. § 1983.

95.    As a direct and proximate cause of the acts described above, in violation of 42

U.S.C. § 1983, PLAINTIFF CARRERAS has suffered grievously, has been brought into public

scandal, and with great humiliation, mental suffering, damaged reputation, including business

reputation/goodwill.

96.    As a further direct and proximate result of the conduct of DEFENDANT

MALLETT, PLAINTIFF CARRERAS suffered loss of his liberty and freedom, mental anguish,

loss of income, attorney expenses, costs of bond, and loss of capacity for the enjoyment of life.

The losses are either permanent or continuing and PLAINTIFF CARRERAS will suffer the losses in the future, in violation of PLAINTIFF CARRERAS' civil rights. PLAINTIFF CARRERAS has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, PLAINITFF CARRERAS prays:

a)   Judgment for compensatory damages in excess of $15,000;

b)   Judgement for exemplary damages;

c)   Cost of suit;

d)   Reasonable attorneys fees, pursuant to 42 U.S.C. § 1988;

e)   Trial by jury as to all issues so triable; and

f)   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 15

## FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF CARRERAS AGAINST DEFENDANT DECESPEDES

For his cause of action against DEFENDANT DECESPEDES, in Count 15, PLAINTIFF CARRERAS states:

97.   PLAINTIFF CARRERAS realleges and adopts, as if fully set forth in Count 15, the allegations of paragraphs 1 through 20.

98.   DEFENDANT DECESPEDES, by direct act or indirect procurement, personally participated in or proximately caused PLAINTIFF CARRERAS' false arrest and/or false imprisonment.

99.   The actions of DEFENDANT DECESPEDES were taken in the absence of probable cause that PLAINTIFF CARRERAS committed any criminal offense, and constitute false arrest and/or imprisonment under Florida law.

100.  As a result of the false arrest and false imprisonment, PLAINTIFF CARRERAS

has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation, and has suffered other damages, including but not limited to loss of earnings, loss of ability to earn future wages, loss of capacity for enjoyment of life, and loss of liberty.

101.  PLAINTIFF CARRERAS' losses are either permanent or continuing in nature, and PLAINTIFF CARRERAS will suffer the losses in the future.

WHEREFORE, PLAINITFF CARRERAS prays:

    a)    Judgment for compensatory damages in excess of $15,000;

    b)    Cost of suit;

    c)    Trial by jury as to all issues so triable; and

    d)    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 16

### FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF CARRERAS AGAINST DEFENDANT MALLETT

For his cause of action against DEFENDANT MALLETT, in Count 16, PLAINTIFF CARRERAS states:

102.  PLAINTIFF CARRERAS realleges and adopts, as if fully set forth in Count 16 the allegations of paragraphs 1 through 20.

103.  DEFENDANT MALLETT, by direct act or indirect procurement, personally participated in or proximately caused PLAINTIFF CARRERAS' false arrest and/or false imprisonment.

104.  The actions of DEFENDANT MALLETT were taken in the absence of probable cause that PLAINTIFF CARRERAS committed any criminal offense, and constitute false arrest and/or imprisonment under Florida law.

105.  As a result of the false arrest and false imprisonment, PLAINTIFF CARRERAS has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation, and has suffered other damages, including but not limited to loss of earnings, loss of ability to earn future wages, loss of capacity for enjoyment of life, and loss of liberty.

106.  PLAINTIFF CARRERAS' losses are either permanent or continuing in nature, and PLAINTIFF CARRERAS will suffer the losses in the future.

WHEREFORE, PLAINITFF CARRERAS prays:

a)      Judgment for compensatory damages in excess of $15,000;

b)      Cost of suit;

c)      Trial by jury as to all issues so triable; and

d)      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 17

## MALICIOUS PROSECUTION CLAIM BY PLAINTIFF CARRERAS AGAINST DEFENDANT DECESPEDES, INDIVIDUALLY

For his cause of action against DEFENDANT DECESPEDES, individually, in Count 17, PLAINTIFF CARRERAS states:

107.  PLAINTIFF CARRERAS realleges and adopts, as if fully set forth in Count 17, the allegations of paragraphs 1 through 20.

108.  No reasonably cautious police officer in the position of DEFENDANT DECESPEDES would have believed PLAINTIFF CARRERAS was guilty-in-fact of any criminal offense.

109.  DEFENDANT DECESPEDES, individually, directly or proximately caused criminal proceedings to be instituted or continued against PLAINTIFF CARRERAS with malice

and in the absence of probable cause that PLAINTIFF CARRERAS committed any criminal offense by causing police reports to be submitted to prosecuting authorities containing materially false statements and material omissions.

110.  The conduct of DEFENDANT DECESPEDES, individually, was reckless and without regard to whether the institution of continuation of criminal proceedings against PLAINTIFF CARRERAS were justified.

111.  At all times material hereto, DEFENDANT DECESPEDES knew that his sworn police reports would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal proceedings against PLAINTIFF CARRERAS.

112.  The criminal proceedings instituted or continued by DEFENDANT DECESPEDES reached a bona fide resolution in the favor of PLAINTIFF CARRERAS.

113.  As a direct and proximate result of the acts described above, PLAINTIFF CARRERAS has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

114.  As a further direct and proximate result of the conduct of DEFENDANT DECESPEDES, individually, PLAINTIFF CARRERAS suffered loss of his liberty and freedom, loss of income, attorney expenses, cost of defense, and loss of capacity for the enjoyment of life. PLAINTIFF CARRERAS' losses are either permanent or continuing and PLAINTIFF CARRERAS will suffer the losses in the future, in violation of PLAINTIFF CARRERAS' rights.

WHEREFORE, PLAINITFF CARRERAS prays:

a)      Judgment for compensatory damages in excess of $15,000;

b)      Judgment for exemplary damages;

    c)     Cost of suit;

    d)     Trial by jury as to all issues so triable; and

    e)     Such other relief as this Honorable Court may deem just and appropriate.

### **COUNT 18**

### **MALICIOUS PROSECUTION CLAIM BY PLAINTIFF CARRERAS AGAINST DEFENDANT MALLETT, INDIVIDUALLY**

For his cause of action against DEFENDANT MALLETT, individually, in Count 18,

PLAINTIFF CARRERAS states:

115.  PLAINTIFF CARRERAS realleges and adopts, as if fully set forth in Count 18,

the allegations of paragraphs 1 through 20.

116.  No reasonably cautious police officer in the position of DEFENDANT

MALLETT would have believed PLAINTIFF CARRERAS was guilty-in-fact of any criminal

offense.

117.  DEFENDANT MALLETT, individually, directly or proximately caused

criminal proceedings to be instituted or continued against PLAINTIFF CARRERAS with malice

and in the absence of probable cause that PLAINTIFF CARRERAS committed any criminal

offense by causing police reports to be submitted to prosecuting authorities containing materially

false statements and material omissions.

118.  The conduct of DEFENDANT MALLETT, individually, was reckless and

without regard to whether the institution of continuation of criminal proceedings against

PLAINTIFF CARRERAS were justified.

119.  At all times material hereto, DEFENDANT MALLETT knew that his sworn

police reports would be submitted to prosecuting authorities, and would be relied upon by

prosecuting authorities for the institution and continuation of criminal proceedings against

PLAINTIFF CARRERAS.

120.  The criminal proceedings instituted or continued by DEFENDANT MALLETT reached a bona fide resolution in the favor of PLAINTIFF CARRERAS.

121.  As a direct and proximate result of the acts described above, PLAINTIFF CARRERAS has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

122.  As a further direct and proximate result of the conduct of DEFENDANT MALLETT, individually, PLAINTIFF CARRERAS suffered loss of his liberty and freedom, loss of income, attorney expenses, cost of defense, and loss of capacity for the enjoyment of life. PLAINTIFF CARRERAS' losses are either permanent or continuing and PLAINTIFF CARRERAS will suffer the losses in the future, in violation of PLAINTIFF CARRERAS' rights.

WHEREFORE, PLAINITFF CARRERAS prays:

a)     Judgment for compensatory damages in excess of $15,000;

b)     Judgment for exemplary damages;

c)     Cost of suit;

d)     Trial by jury as to all issues so triable; and

e)     Such other relief as this Honorable Court may deem just and appropriate.

## **COUNT 19**

## **FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF CARRERAS AGAINST DEFENDANT CITY, PLED IN THE ALTERNATIVE TO COUNT 11**

For his cause of action against DEFENDANT CITY, in Count 19, PLAINTIFF CARRERAS states:

123.  PLAINTIFF CARRERAS realleges and adopts, as if fully set forth in Count 19, the allegations of paragraphs 1 through 20.

124.  DEFENDANT DECESPEDES proximately caused PLAINTIFF CARRERAS' arrest in the absence of probable cause that PLAINTIFF CARRERAS committed any criminal offense.

125.  The actions of DEFENDANT DECESPEDES, in causing the arrest of PLAINTIFF CARRERAS in the absence of probable cause, were taken in the absence of lawful authority. The actions of DEFENDANT DECESPEDES constitute false arrest/false imprisonment of PLAINTIFF CARRERAS under Florida law.

126.  The false arrest/false imprisonment of PLAINTIFF CARRERAS was committed by DEFENDANT DECESPEDES in the course and scope of his employment as a police officer for DEFENDANT CITY.

127.  As a direct and proximate result PLAINTIFF CARRERAS has further suffered expenses of traveling to court, and loss of his freedom and civil rights, suffered loss of his liberty and freedom, mental anguish, loss of income, costs of bond, and loss of capacity for the enjoyment of life. He suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

WHEREFORE, PLAINITFF CARRERAS prays:

a)      Judgment for compensatory damages in excess of $15,000;

b)      Cost of suit;

c)      Trial by jury as to all issues so triable; and

d)      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 20

## FALSE ARREST/FALSE IMPRISONMENT CLAIM OF PLAINTIFF CARRERAS AGAINST DEFENDANT CITY, PLED IN THE ALTERNATIVE TO COUNT 12

For his cause of action against DEFENDANT CITY, in Count 20, PLAINTIFF CARRERAS states:

128.  PLAINTIFF CARRERAS realleges and adopts, as if fully set forth in Count 20, the allegations of paragraphs 1 through 20.

129.  DEFENDANT MALLETT proximately caused PLAINTIFF CARRERAS' arrest in the absence of probable cause that PLAINTIFF CARRERAS committed any criminal offense.

130.  The actions of DEFENDANT MALLETT, in causing the arrest of PLAINTIFF CARRERAS in the absence of probable cause, were taken in the absence of lawful authority. The actions of DEFENDANT MALLETT constitute false arrest/false imprisonment of PLAINTIFF CARRERAS under Florida law.

131.  The false arrest/false imprisonment of PLAINTIFF CARRERAS was committed by DEFENDANT MALLETT in the course and scope of his employment as a police officer for DEFENDANT CITY.

132.  As a direct and proximate result PLAINTIFF CARRERAS has further suffered expenses of traveling to court, and loss of his freedom and civil rights, suffered loss of his liberty and freedom, mental anguish, loss of income, costs of bond, and loss of capacity for the enjoyment of life. He suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

WHEREFORE, PLAINITFF CARRERAS prays:

a)    Judgment for compensatory damages in excess of $15,000;

b)    Cost of suit;

c)      Trial by jury as to all issues so triable; and

d)      Such other relief as this Honorable Court may deem just and appropriate.

DATED:  July 31, 2019

**RUDENBERG & GLASSER, P.A.**
Attorneys for Plaintiffs
633 SE 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33301
(954) 463-9518

By:    s/ **Michael H. Glasser**
       Michael H. Glasser
       Florida Bar Number: 554367